UNION MARINE INS. CO. v. CHARLES D. STONE & CO.

(Circuit Court of Appeals, Seventh Circuit. December 1, 1926.)

No. 3730.

1. Insurance ☞403—Insurance against "perils of the sea" covers only losses from extraordinary occurrences.

Insurance against "perils of the sea" covers only losses from extraordinary occurrences, as stress of weather, winds, waves, lightning, tempests, rocks, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perils of the Sea.]

2. Insurance ☞402—Words "all other perils, losses, and misfortunes," following enumeration of losses insured against, held not to enlarge insurer's liability.

The words "all other perils, losses, and misfortunes," used in marine insurance policy

following statement of risks insured against, *held* not to enlarge insurer's liability to include risks of a kind not enumerated.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, All Other.]

**3. Insurance &#9901;645(2)—Plaintiff must allege and prove loss by extraordinary occurrence to recover under clause of marine policy insuring against perils of the sea.**

To recover under clause of marine insurance policy covering losses from perils of the sea, plaintiff must allege and prove a loss by an extraordinary occurrence included within that term.

**4. Insurance &#9901;665(4)—Evidence showing only a wetting and damage of goods shipped by sea water held not to support recovery for loss from perils of the sea.**

Evidence showing only a wetting and damage of goods shipped by sea water, but not showing any extraordinary or unusual occurrence, *held* insufficient to support recovery under clause of marine insurance policy covering loss from perils of the sea.

**5. Tender &#9901;19(2)—Marine insurer's tender before suit of amount less than that sued for held not an admission of liability, or that loss occurred in manner to make it liable.**

In action on marine insurance policy, defendant's tender before suit of amount less than that sued for *held* not an admission of liability, constituting evidence that whole loss occurred in manner to make it liable.

**6. Tender &#9901;19(2)—Payment into court after suit is admission only that plaintiff has some cause of action.**

A payment into court after suit is an admission only that plaintiff has some cause of action, or has sustained loss to amount paid in.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Charles D. Stone & Co. against the Union Marine Insurance Company, removed from the municipal court of the city of Chicago. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

A. C. Wetterstorm, of Chicago, Ill., for plaintiff in error.

Charles E. Kremer, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action on a marine insurance policy on goods shipped from Chicago to Milan, Italy. It was brought in the municipal court in the city of Chicago, was removed to the court below, and tried upon the original statement of claim filed in the municipal court. The parties will be referred to as they appeared below. In its statement of claim plaintiff alleged that "during transit the said goods were damaged by sea water, theft, and pilferage," to the amount sued for. Defendant pleaded the general issue, a jury was called, and, at the close of plaintiff's evidence, the defendant, offering no evidence, moved the court to direct the jury to return a verdict in its favor. The defendant also requested the court to instruct the jury that, if they found for plaintiff, there was no evidence to justify a finding of damages in excess of $65. These motions were overruled and exceptions taken, and the rulings are assigned as error. The jury returned a verdict for plaintiff for $3,-500 and interest from January 31, 1921, and judgment was entered accordingly.

The policy, introduced in evidence, in addition to insuring against theft, pilferage, and certain losses arising from explosion, provides:

"And touching the adventures and perils which the said company is contented to bear and does take upon itself in the voyage so insured as aforesaid they are of the Seas Men-of-War Fire Enemies Pirates Rovers Thieves Jettisons Letters of Mart and Countermart Surprisals Taking at Sea Arrests Restraints and Detainments of all Kings Princes and People of what Nation Condition or Quality soever Barratry of the Master and Mariners and of all other Perils Losses and Misfortune that have or shall come to the Hurt Detriment or Damage of the aforesaid subject matter of this Insurance or any part thereof."

The statement of claim contains no averment as to how the loss occurred, except that the goods were damaged by sea water, theft, and pilferage. The only evidence of loss by theft or pilferage is contained in the below-mentioned "certificate of damage." This was admitted in evidence only because it was in the possession of the defendant. Taking it as properly admitted, and as proving some loss by theft, there is no way to determine what part of the loss is attributable to that cause. As some of the loss was attributed to sea water wetting, and as the whole loss shown in this certificate of damage was only $65, the loss by theft must have been inconsiderable, but what small part of it may be laid to theft cannot be told from the evidence. The verdict therefore must stand, if it stands at all, upon loss from perils of the sea.

The clause covering perils of the sea is very old and has many times been construed. Speaking of it, Winter on Marine Insurance (Ed. 1919) p. 140, says:

"Read without reference to the wealth of

legal lore referring to this particular part of the policy, the document is vague, misleading, and perhaps unintelligible. But practically every word in the paragraph has been weighed in the judicial balance and its own meaning and its meaning in relation to the context has been determined."

[1, 2] The Supreme Court has held that, in insuring against loss by perils of the sea, the underwriters "insure against losses from extraordinary occurrences only; such as stress of weather, winds and waves, lightning, tempests, rocks, &c. These are understood to be 'perils of the sea' referred to in the policy, and not those ordinary perils which every vessel must encounter." Hazard v. Insurance Co., 33 U. S. (8 Pet.) 557, on page 585, 8 L. Ed. 1043. The words "all other perils, losses, and misfortunes" cannot enlarge the perils insured against. Used as they are, they cover only risks which are of like kind to those previously enumerated and none other. Thames, etc., Marine Ins. Co. v. Hamilton, 12 App. Cases, 484; Sassoon & Co. v. Western Assurance Co., [1912] App. Cases, 561; Bluefields, etc., v. Western Assurance Co. (C. C. A.) 265 F. 221, on page 227. This rule of construction is too familiar to require further citation.

[3, 4] It has been uniformly held that perils of the sea insured against are the extraordinary perils such as are mentioned in Hazard v. Insurance Co., supra. To warrant a recovery under this clause of the policy it was incumbent on plaintiff to allege and prove that the loss was caused by some such peril. There is no averment as to any perils of the sea in the statement of claim. However, it is now urged that under the law governing the municipal courts of Chicago the statement of claim is sufficient to warrant proof of loss by some peril of the sea. It is not necessary to consider this because plaintiff's evidence does not establish that any loss occurred by reason of such peril. The evidence as to the cause of the damage is quite brief. After the goods arrived at Genoa and before they were sent on to Milan, a claim agent, at the request of the receivers, examined the goods and made what he called "a certificate of damage." This certificate was made out on a form and following the printed words, "Nature of the damage," was written, "Tampered with and damaged by sea water wetting," and following the printed words, "Possible causes of damage," was written, "Theft and sea water wetting." This certificate was objected to, but was admitted in evidence.

The only other evidence touching this phase of the case consisted of the testimony of a witness who said that about two years after the goods had been shipped by sea from New York to Genoa and from Genoa to Milan he examined them and found that they had been water-soaked; that he could see salt water deposit upon them; that the goods had dried out, and there was a deposit of salt left on them. This evidence was objected to, but admitted. Conceding that this showed that the goods had been in some way subjected to the action of or exposed to sea water, there is not a hint in the evidence as to how they were so subjected or exposed. There is no evidence whatever of any extraordinary or unusual occurrence upon the voyage which might account for the presence of sea water. If we are to conclude that the evidence shows that the damage came from sea water, how are we to infer that the sea water got into or onto the goods by reason of a peril of the sea? We may as well infer that it got there by improper stowage, failure to fasten down the hatches or in some other such way, in which case the loss was not caused by any extraordinary peril of the sea.

[5, 6] From the certificate of damage above mentioned, the defendant calculated the amount of the damages therein stated to be $65, and prior to the bringing of the suit tendered a check to plaintiff for this amount, which was refused. It is now urged that this tender is an admission of liability and furnishes evidence upon which to base a finding of it. The claim is that such a tender is the same as a payment into court of that sum and admits all that a payment into court would admit. No reason is given for this view, but one very clear distinction suggests itself. A payment into court being made after the declaration is filed might be said to admit the cause of action or liability alleged in the declaration and as alleged; while in the case of a tender before suit is brought, there is no pleading on file to which the admission can be referred. But even in a case of payment into court after suit is brought, the weight of authority is to the effect that such payment amounts only to an admission that plaintiff has some cause of action and has sustained loss to the amount paid in.

In Donnell v. Columbian Ins. Co., Fed. Cas. No. 3,987, a verdict for plaintiff had been taken by consent and there was a reference to auditors to ascertain the damages. It was insisted that by consenting to a verdict against them, the defendants had precluded themselves from contending that certain losses were not caused by perils of the sea and were not within the policy. Justice Story held that by consenting to the verdict

the defendants had only admitted that plaintiff had some cause of action and had sustained some loss under the policy, and refused to give to the verdict the effect now sought to be given this tender.

An English case in point is Rucker v. Palsgrave, 127 English Reports, 896. In that case plaintiff sued upon a valued policy of insurance, defendant paid into court a certain percentage of the loss and plaintiff contended that as the contract admitted the value and as the payment into court admitted the contract, the defendant had made an admission which furnished at least a prima facie case for loss to the amount insured. The court rejected this contention and held that the payment into court was an admission of the amount paid in and no more.

The evidence on this branch of the case fairly construed, instead of an admission of liability shows rather an effort by defendant to buy its peace or to compromise the claim, which, for well-understood reasons of public policy, should be encouraged, not penalized.

Reversed and remanded, with directions to proceed in accordance with the views herein expressed.