J. A. JONES CONST. CO. v. NIAGARA
FIRE INS. CO.

No. 5797.

United States Court of Appeals
Fourth Circuit.

Nov. 8, 1948.

W. S. Blakeney, of Charlotte, N. C.
(Guthrie, Pierce & Blakeney, of Charlotte,
N. C., on the brief), for appellant.

H. B. Campbell, of Charlotte, N. C.
(Tillett & Campbell, of Charlotte, N. C.,
and Leon T. Seawell and Hughes, Little
& Seawell, all of Norfolk, Va., on the
brief), for appellee.

Before PARKER, Chief Judge, and SO-
PER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment for
defendant in an action on a policy of marine
insurance. The plaintiff is the J. A.
Jones Construction Company, which had
purchased from the Kraftile Corporation
of Niles, California, a quantity of glazed
ceramic tile, which was shipped by vessel
from that city of Cristobal in the Canal
Zone. About ten per cent of the tile was
found broken upon arrival, and there was
evidence warranting the conclusion that
a large part of the breakage was due to
negligence in loading and unloading. The
Kraftile Corporation had effected marine
insurance on shipments of tile to be made
by it under a form of open policy which
covered the interest of plaintiff; and this
action was instituted on the theory that
the damage to the tile was covered by the
policy. The company defended on the
ground that the loss sustained by plain-
tiff was not covered. The trial court set
aside a verdict for plaintiff and entered
judgment n. o. v. for the defendant and
plaintiff has appealed. The sole question

presented is whether damage to cargo due to negligence in loading and unloading falls within the coverage of the policy. We think it clear that this question must be answered in the negative.

The policy is an ordinary policy of marine insurance describing the perils insured against in the following time honored phrases, viz.: "And touching the Adventures and Perils which the said Company is content to bear and does take upon itself in the Voyage so Insured as aforesaid they are of the Seas Fire Pirates Rovers Assailing Thieves Jettisons Criminal Barratry of the Master.and Mariners and of all other like Perils Losses and Misfortunes that have or shall come to the Hurt Detriment or Damage of the aforesaid subject matter of this Insurance or any part thereof". Plaintiff does not seriously contend that the breakage of tile due to negligence in loading or unloading comes within this coverage; but its contention is that the loss is covered by language contained in or following the warranty against particular average. The warranties against particular average and the language following appeared on the first rider of the policy in the following language:

"Under Deck Shipments of General Merchandise are insured: 4. Warranted free from average under three (3%) per cent, unless general, or the vessel or craft be stranded, sunk or burnt, but notwithstanding this warranty the Underwriters are to pay the insured value of any package which may be totally lost in loading, transhipment or discharge, also for any loss of or damage to the interest insured which may reasonably be attributed to fire, collision or contact of the vessel and/or craft and/or conveyance with any external substance (ice included) other than water, or to discharge of cargo at port of distress. This Clause shall operate during the whole period covered by the Policy.

"On Deck Shipments (which must be so shown on Declarations or Certificates of Insurance) are insured: 'Warranted free of particular average unless caused by the stranding, sinking, burning and/or collision of the vessel; but to pay the insured value of any merchandise and/or goods jettisoned and/or washed overboard, irrespective of percentage.'

"Notwithstanding any average warranty contained herein the Assurers agree to pay landing, warehousing, forwarding or other similar expenses and/or particular charges should same be incurred; also to pay the insured value of any package, piece or unit totally lost in loading, transhipment and/or discharge".

An indorsement of a later date relating solely to shipments of tile contained the following clause warranting against particular average:

"4. Warranted free from Particular Average unless the vessel or craft be stranded, sunk, or burnt, but notwithstanding this warranty the Underwriters are to pay the insured value of any package or packages which may be totally lost in loading, transhipment or discharge, also for any loss of or damage to the interest insured which may reasonably be attributed to fire, collision or contact of the vessel and/or craft and/or conveyance with any external substance (ice included) other than water, or to discharge of cargo at port of distress, also to pay landing, warehousing, forwarding and special charges if incurred for which Underwriters would be liable under a policy covering Particular Average. This clause shall operate during the whole period covered by the Policy."

It is perfectly clear that a loss arising from the inherent nature of the goods shipped or negligence of stevedores in loading or unloading the vessel is not a loss arising from perils of the seas or the other perils insured against by the coverage clause quoted above. Hazard v. New England Marine Ins. Co., 8 Pet. 557, 585, 8 L.Ed. 1043; Union Marine Ins. Co. v. Charles D. Stone & Co., 7 Cir., 15 F.2d 937. And we think it equally clear that the loss is not brought within the coverage by the language relating to warranty against particular average, the purpose of which was, not to add to the risks insured against, but to limit the exclusion of the warranty as to risks which the policy covered.

The warranty against particular average was first inserted in policies of marine insurance two centuries ago, and its

purpose was to limit the insurance to actual total loss by excluding from coverage any partial loss. Washburn & Moen Mfg. Co. v. Reliance Marine Ins. Co., 179 U.S. 1, 21 S.Ct. 1, 45 L.Ed. 49. The effect of the clause, in the absence of some such limiting language as we have here, was to exempt the insurer from a total loss of a part only of the shipment, even if the part consisted of one or more entire packages. Biays v. Chesapeake Ins. Co., 7 Cranch 415, 3 L.Ed. 389; Ralli v. Janson, 6 E & B 422, 22 L.J.Q.B. 300; Hernandez v. Sun Mut. Ins. Co., Fed.Cas. No. 6, 415, 6 Blatchf. 317; 45 C.J.S., Insurance, § 952, page 1144. The purpose of the language upon which plaintiff relies was to limit the particular average clause so that liability for loss of an entire "package, piece or unit" of the cargo insured "totally lost in loading, transhipment or discharge" would not be excluded by the provision against liability for partial loss notwithstanding that it constituted only a part of the cargo insured.

■ The risks insured against are dealt with in the policy in clauses which are entirely separate and distinct from the warranty against particular average and the language defining and limiting that warranty. We have already quoted the clause from the body of the policy setting forth the perils insured against. The rider containing the warranty against particular average contains also a provision as to the risks covered in the following language: "This insurance shall cover also against the risks of fire, lightning, collision and/or derailment and/or overturn of the transporting conveyance, hurricane, cyclone, tornado, windstorm, earthquake, flood (meaning the rising of navigable waters) and collapse and/or subsidence of docks, wharves and/or quays while the merchandise and/or goods are at risk hereunder on land conveyances and/or elsewhere on shore." If it had been intended to enlarge the coverage of the policy so as to cover loss in loading or unloading occurring from any cause whatever, as contended by plaintiff, appropriate language to that end would have been inserted in this coverage clause. It is perfectly clear that the language relied on wherein the insurer agrees to pay for any "package, piece or unit" totally lost, occurring as it does in the memorandum or warranty clause or referring thereto, has reference to liability in case of partial loss from risks elsewhere covered by the policy and does not add additional risks to that coverage. As said by Mr. Justice Story in Potter v. Suffolk Ins. Co., Fed.Cas. No. 11,339, 2 Sumn. 197, "The memorandum clause does not operate as an enlargement of the perils underwritten against; but it operates to exempt the underwriters from certain losses within those perils." See also 6 Appleman, Insurance Law and Practice, § 3718; 45 C.J.S. Insurance, § 952, page 1143.

The judgment in favor of defendant was correct and will be affirmed.

Affirmed.