HOMESTEAD FIRE INS. CO.
v. DE WITT et al.

No. 34553. April 29, 1952.

Rehearing Denied June 10, 1952.

*245 P. 2d 92.*

Doerner, Rinehart & Stuart, Harry D. Moreland, and Jack Campbell, Tulsa, for plaintiff in error.

Ownby & Warren, Hugh Ownby, and Clarence A. Warren, Tulsa, for defendants in error.

BINGAMAN, J. This action was brought by the plaintiffs, Ted DeWitt and W. E. DeWitt, Jr., dba The DeWitt Company, against The Homestead Fire Insurance Company, to recover on a policy of insurance covering certain construction work being done by the plaintiffs in building an addition to the John Burroughs School Building in Tulsa. The trial court rendered judgment for plaintiffs, and defendant appeals.

The facts are stipulated. Therefrom it appears that plaintiffs, on or about July 7, 1947, entered into a construction contract with the board of education of the city of Tulsa to construct an addition to a school building known as the John Burroughs School in the city of Tulsa, and that in the construction of the addition it was necessary that the roof thereof be tied into and joined with the roof of the school building previously erected or existing; that on or about September 11, 1947, while the roof on the new building was being attached to the roof of the old building, it was necessary to leave an opening in the roof of the old building and in order to protect the old building plaintiffs had put canvas covers over said openings; that on said last mentioned date a sudden windstorm arose and blew the canvas covering off said opening and damage was done to the interior of the old structure by a rainstorm which accompanied the windstorm, necessitating repairs in the amount of $532, which were made by plaintiffs and for which they seek to recover from the defendant company.

A copy of the insurance policy is attached to the petition and stipulated to be true and correct. In the policy proper the property insured is not described, but in an attached "builders risk completed value form" it is described. That form contains the following provision:

"Provisional amount Sixty Three Thousand Eight Hundred Fifty-eight dollars ($63,858.00) on the one story composition roof masonry building, while in course of construction, including foundations (except as hereinafter excluded), additions, attachments, and all permanent fixtures belonging to and constituting a part of said building, to be occupied as John Burroughs School all while situated 1924 North Cincinnati."

Following this provision the form provides that the policy also covers materials, equipment, supplies and temporary structures of all kind, incident to the construction of said building; machinery, tools, equipment, etc., but does not cover the cost of excavation, brick, stone or concrete foundation, which are below or under the surface of the lowest basement floor. It also provides that in the event of loss the company shall be liable for no greater proportion of the face value of the policy than the amount thereof bears to the value of the described property at date of completion. Also attached to and made a part of the policy is an extended coverage endorsement covering perils of windstorm, etc., in which it is provided that the policy is extended to include direct damage by windstorm, hail, etc., and which also provides that the company shall not be liable for loss to the walls of the building, or the insured property, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building insured or containing the property insured shall first sustain an actual damage to roof or walls by the direct force of the wind or hail.

Defendant contends that the trial court erred in construing the policy of insurance. The construction placed upon the policy by the trial court is shown by its statement that plaintiffs bought the policy to insure them against loss during the construction of the building; that the repair made necessary by the storm was a part of the contract and the job which plaintiffs undertook to do, and that the plaintiffs had purchased the policy in order to protect them against loss during the construction of the building.

Defendant cites the various provisions of the policy above mentioned and contends that the policy specifically covers only the new building to be constructed by plaintiffs, and that plaintiffs had no insurable interest in the old building and therefore could not insure the same for the owners thereof. They cite National Fire Insurance Co. v. Kenny, 224 Ala. 586, 141 So. 350, Cardinal v. Mecury Insurance Co., 273 N. Y. S. 487, 195 N. E. 148, both holding that while a contractor was engaged in constructing a building he had an insurable interest in the building. They also call attention to Mixon v. St. P., F. & M. Insurance Co., 147 La. 302, 84 So. 790, which case we consider inapplicable to the present situation in that it was a contract to repair or reconstruct a house, and the house burned before any construction work thereon was commenced by the contractor.

We think that it was in the contemplation of the parties by the builders risk completed value form, quoted above, to cover all risks incurred by plaintiffs in connection with the construction of the addition to the John Burroughs School, the description of which included additions, attachments and all fixtures therein. It was understood that as a part of the construction it would be necessary for plaintiffs to attach the roof of the new building to the roof of the old; that this operation was a necessary part of the work to be done by the plaintiffs, and that therefore the parties intended and contemplated that plaintiffs would be protected in that operation as well as in the actual erection of the walls and other portions of the new building. In 44 C. J. S. p. 882, §186, the author says that it seems to be established that contractors, builders and the like have an insurable interest in a building for the construction of which they furnish labor, skill or material. Under this statement we conclude that the plaintiffs had, in so far as it was necessary for them to alter or disturb the condition of the roof of the old building, an insur-

able interest to that extent in the old building.

In many cases we have held that:

"Where language ·of policy is ambiguous or susceptible of two different constructions, it will be strictly construed against insurer, and that construction adopted which is most favorable to insured." Great American Insurance Co. of New York v. O. K. Packing Co., 202 Okla. 231, 211 P. 2d 1014, and authorities therein cited.

In Bird v. St. Paul Fire & Marine Insurance Co., 224 N. Y. 47, 120 N. E. 86. 13 A. L. R. p. 875, Justice Cardozo, referring to the construction of an insurance policy, said:

"Our guide is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract. It is his intention, expressed or fairly to be inferred, that counts."

This language was quoted with approval by the United States Circuit Court of Appeals for the Tenth Circuit, in Maryland Casualty Co. v. Morrison, 151 F. 2d 772. We think it applicable here, since the attachment of the new building to the old was an integral part of the construction of the new building which the policy purported to insure.

Defendant also contends that the windstorm clause did not apply for the reason that the roof or walls of the old building were not breached or opened by the wind. But it appears from the stipulation of fact that the opening in the roof was necessarily made in order that the roofs of the two buildings might properly be tied together, and that this opening was covered by a temporary roof of canvas which plaintiffs, as contractors, evidently considered adequate. If the opening had been boarded up or more securely closed and the wind had blown such temporary covering out, we do not think it could be successfully contended that the terms of the windstorm provision did not apply. The fact that the opening was adequately covered by canvas brought it within the pro-

visions of the windstorm clause, since except for the action of the wind the opening was adequately closed.

Affirmed.

CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.