CONTINENTAL CASUALTY COMPANY, a corporation, Plaintiff in Error,

v.

Charles Sam BEATY, Defendant in Error.

No. 42495.

Supreme Court of Oklahoma.

May 27, 1969.

Rucker & Tabor, Tulsa, for plaintiff in error. Thomas A. Wallace, Sapulpa, of counsel and on the brief.

Norman & Wheeler, Chester Norman, Chal Wheeler, Muskogee, for defendant in error.

BERRY, Vice Chief Justice.

The issues in this appeal concern provisions of a group insurance health and accident insurance policy issued by plaintiff in error to defendant in error, a qualified member of the American Medical Association.

The policy provided for monthly indemnity to an eligible member in event of total disability from injury or sickness, which wholly and continuously prevented insured from performing duties of his profession. Insured, a practicing anesthesiologist in Muskogee, Oklahoma, applied for a policy carrying $500.00 monthly benefits, paying premium ($319.00) with application. Insurer accepted the application and on March 15, 1963, issued the policy.

On December 1, 1964, insured notified the company of total disability existing since November 18, 1963, and requested forms for filing proof of loss showing disability. Insured denied the claim, refused to pay under terms of the policy, and tendered back the amount of premium. Among other provisions the policy defined

"Eligible Member" as a doctor "* * * actively performing the full-time duties of his occupation." Insured answered "Yes" to inquiry in the application as to whether engaged full-time in his profession.

The enrollment application, after establishing grounds for eligibility asked:

"8. Do you understand and agree, under the terms of the policy issued to the American Medical Association, that:

* * * * * *

(b) No indemnity for loss of time is payable during the first 365 days of any period of total disability due to accident or sickness?"

Insured answer yes.

Relative to monthly indemnity the policy provided:

"If total disability of the Insured commences while the policy is in force as to the Insured, and continues throughout 365 consecutive days, the Company will pay the amount of the Monthly Indemnity stated in the Schedule for each month (or one-thirtieth of such Monthly Indemnity for each day) throughout which such total disability continues beyond such 365 consecutive days; provided that for a period of total disability due to sickness, the amount payable for total disability after the Insured's seventieth birthday, shall be one-half the amount of the Monthly Indemnity stated in the Schedule, and for total disability after the Insured's seventy-fifth birthday shall be one-fourth the amount of the Monthly Indemnity stated in the Schedule."

Requirement as to notice of claim for benefits provided:

"Written notice of claim must be given to the Company within 20 days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the claimant to the Company at 310 South Michigan Avenue, Chicago 4, Illinois, or to any authorized agent of the Company, with information sufficient to identify

the Insured, shall be deemed notice to the Company."

After denial of the claim for benefits insured filed this action alleging permanent disability resulting from a stroke suffered November 17, 1963, filing of proof of loss and performance of conditions of policy, and defendant insurer's continuing refusal to pay. Plaintiff asked judgment for amount of disability benefits accrued and accruing under terms of policy, as well as those becoming due after trial and judgment.

Defendant admitted issuance of the policy. However, liability was denied upon ground plaintiff was not actively engaged in occupation upon a full-time basis as stated in application, and defendant would not have issued policy had true facts been known, and tendered back the premium.

Plaintiff had practiced his specialty in Muskogee since 1946. In 1962 he had undergone surgery, was away from the city taking special training, and also while undergoing approximately a month's treatment out of state, but then returned to full-time practice. During 1963 plaintiff's practice decreased and he had made application for employment in other states. Cross-examination elicited testimony showing plaintiff's income declined from approximately $20,000.00 in 1961 to approximately $6,000.00 in 1963. There was other testimony indicating plaintiff suffered physical ailments during this time which prevented his taking cases, and also spent six months taking post graduate work in 1961–1962. Plaintiff was not hospitalized, but after suffering the stroke remained at home most of the time and was under physician's care.

The evidence showed plaintiff, the only qualified anesthetist in Muskogee, was available and answered all calls for his services until becoming physically incapacitated. Medical testimony showed plaintiff had made satisfactory physical recovery, but was incapacitated by the stroke from practicing medicine.

After plaintiff rested defendant demurred upon grounds of insufficiency of the evidence, and because plaintiff's evidence showed failure to comply with the policy terms by giving the 20 days notice provided both in the policy and under state law. Motions for directed verdict were interposed by both parties and overruled. After receiving instructions, the jury returned a verdict for plaintiff in the amount due under the policy to that date. This appeal was perfected from the judgment entered upon the verdict.

Defendant's principal contention states:

"The insured of a health and accident policy who sues the insurance company on a claim arising under the policy must prove that he complied with the provisions as to notice and proof of loss, and where the policy provided in statutory form that notice of claim be given within twenty days after claim arose and evidence showed conclusively that notice was first received over a year after the claim arose, the insured cannot recover."

Defendant urges the required form of notice was set forth in the policy. Having failed to give the prescribed 20 day notice, or notice as soon thereafter as reasonably possible, defendant insists the trial court erred in overruling the demurrer to the evidence, and motion for directed verdict. The authorities cited to support this argument, that giving such notice was a condition precedent to the insurer's liability, do not provide satisfactory authority.

Union Mutual Ins. Co. v. Huntsberry, 57 Okl. 89, 156 P. 327, was based upon special provisions in our early laws providing for establishment of mutual hail insurance companies insuring growing crops. The statute held to be part of the insurance contract long since was repealed. Metropolitan Life Ins. Co. v. Smith, 195 Okl. 378, 158 P.2d 335, was decided solely upon the question of waiver of notice of disability, the parties having stipulated the employee was not covered by the group policy involved. American Ins. Co. of Texas v. Brown, 203 Okl. 407, 222 P.2d 757, simply

holds notice of disability, given to insurer 91 days after insured was advised disability resulted from functional disease, constituted sufficient compliance with policy provision requiring notice within 91 days after commencement of disability.

Provision of the insurance contract relative to monthly indemnity is quoted above. Additionally, the contract provided six grounds for termination: (1) death; (2) failure to pay premiums; (3) retirement; (4) voluntary cessation of American Medical Association membership; (5) expulsion from medical society for any disciplinary action; (6) entrance into armed forces, with certain exception. The termination provisions did not include failure to give notice of disability as ground for termination, or forfeiture.

 Under such circumstance we are of the opinion the rule in the early case of Dixon v. State Mutual Fire Ins. Co., 34 Okl. 624, 126 P. 794, L.R.A.1915F, 1210, cited by plaintiff, is applicable. In Dixon it was held that the insurer could have made time for giving notice of loss of the essence of the contract. However, unless failure to comply with the provision for notice expressly is made a ground of forfeiture the insurer cannot avoid liability, except for prejudice resulting from insured's failure to comply with the letter of the contract concerning notice and proof of loss. This rule most recently was recognized and applied in Fox v. National Savings Ins. Co., Okl., 424 P.2d 19, and expresses the generally recognized rule. See 45 C.J.S. Insurance § 982(4) (d). Since no defense or claim of prejudice from failure to receive notice was made, either by pleading or evidence, the exception to the rule stated in Dixon, supra, is not involved.

The further inquiry concerns the construction to be given the policy provisions in face of apparent ambiguity resulting from the indemnity provision and the provision concerning notice of claim, both quoted above. The "notice" of claim was required within 20 days after "occurrence or commencement of any loss" under the policy. The indemnity provided was only for total disability which continued after 365 consecutive days; or, as stated in the application, no indemnity was payable during the first 365 days of total disability. Measuring this provision against the quoted notice of claim provision, discloses apparent ambiguity in the contract as concerns giving notice of claim. Defendant asserts the notice was received one year and 27 days after plaintiff's stroke, which was the commencement of the loss. Thus defendant says notice neither was given within the requisite 20 days, nor within a reasonable time thereafter. Defendant concludes plaintiff failed to prove either notice of disability, or insurer's waiver of notice, and the claim must fail.

A contract of insurance ordinarily must be construed liberally in favor of an insured and strictly against the insurer where there exists any ambiguity, doubt or uncertainty as to its meaning. Great American Ins. Co., etc. v. O. K. Packing Co., 202 Okl. 231, 211 P.2d 1014; American Motorists Ins. Co. v. Biggs, Okl., 380 P.2d 950. The defendant's insurance contract did not define "occurrence or commencement of any loss", or specify a manner in which this event should be determined under the policy.

At face value, defendant's argument would require an insured, suffering sickness or accident, to give written notice of a "claim" within 20 days after occurrence of sickness or injury. But, this could not constitute a claim for disability since no benefits could be paid under the policy until after expiration of 365 days continuous disability. Necessarily defendant would not pay under the policy unless again notified by the insured disability had continued uninterruptedly past 365 days specified.

 We do not believe the parties contemplated, or the language of the contract was intended, to create any such requirement or condition relative to notice of claim under the policy. Ambiguity in this policy was created by failure to specify whether written notice of claim was re-

quired within 20 days following occurrence of accident or sickness which possibly could result in disability, or within 20 days following establishment of the fact indemnity payments were due as a result of prior disabling occurrence. In such cases the settled rule is stated in syllabus 1, County Fire Ins. Co., etc. v. Harper, 207 Okl. 359, 249 P.2d 705:

> "Contracts of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions of every contract of insurance will be construed against the insurer who proposes and prepares the policy. If a policy of insurance and provisions in connection therewith are capable of being construed in two ways, that interpretation should be placed upon them which is most favorable to the insured."

■ This policy is construed as requiring the insured to give written notice of claim for benefits within 20 days, or as soon thereafter as reasonably possible, after the commencement of the period which requires indemnity payments to insured under terms of the policy.

■ Plaintiff notified defendant in writing of his claim for benefits December 1, 1964, which was within 20 days following commencement of loss under the policy. Defendant's record showed receipt of this notice December 14, 1964. If calculated from date of notice plaintiff's claim was within time limit specified in policy. If calculated from defendant's receipt of communication the notice was received within 26 days from attachment of liability. There was no showing of prejudice resulting from six days delay in receiving plaintiff's written notice of claim. We hold defendant received notice of plaintiff's disability within terms and requirements of the policy.

Defendant further contends:

> "Instructions which are argumentative, comment on the evidence, invade the province of the jury, and submit ques-

tions of law to the jury are prejudicial and require reversal."

This contention is based upon instructions Nos. 2, 4 and 5. Admittedly these instructions are prolix, and subject to criticism both as to form and substance. We are of the opinion, however, error in the instructions given must be treated as harmless. The undisputed facts showed plaintiff entitled to an instruction directing the jury to return the verdict which was returned. No other verdict properly could have been returned under the facts disclosed by this record.

■ In Cox v. Sarkeys, Okl., 304 P.2d 979, we denied claim of error based upon numerous instructions given. In pointing out there was ample evidence to warrant the verdict, which was the only verdict which would have been justified, we quoted Shawnee Nat. Bank v. Wootten & Potts, 24 Okl. 425, 103 P. 714:

> "Where a verdict and judgment are authorized by the evidence, and another would be unwarranted, the same will not be reversed on appeal on account of errors alleged to exist in the instructions given."

Also see numerous decisions cited therein.

■ The record supports the conclusion the verdict was clearly right. Any different verdict would have been set aside. In such a case errors in instructions given by the trial court do not warrant reversal of the judgment.

Judgment affirmed.

Upon motion by defendant in error, judgment hereby is rendered against the surety on supersedeas bond for the amount adjudged by the trial court, together with interest and costs, but not to exceed penal sum of the bond. This judgment shall be enforced in the trial court as though therein rendered.

IRWIN, C. J., and DAVISON, WILLIAMS, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.