**EQUITABLE FIRE AND MARINE IN-SURANCE COMPANY, Appellant,**

v.

**ALLIED STEEL CONSTRUCTION COM-PANY, Appellee.**

No. 173–69.

United States Court of Appeals, Tenth Circuit.

Feb. 6, 1970.

Walter D. Hanson, of Hanson, Fisher, Tumilty, Peterson & Tompkins, Oklahoma City, Okl., for appellant.

Tom S. Williams, Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Equitable Fire and Marine Insurance Company, appellant, brought this declaratory judgment action against Allied Steel, and others, to determine its lia-

bility on an insurance policy issued by Equitable. With the aid of interrogatories submitted to a jury, the trial judge concluded that the loss was due to a risk insured by the Equitable Fire and Marine policy. This appeal concerns only that portion of the judgment requiring Equitable to pay $25,899.73 to Allied Steel.

■ This case has twice been before this court, albeit for different reasons, and needs no further elaboration on the facts.[1] The policy in question insured "all risks of direct physical loss of or damage to the property covered, except as provided elsewhere in this policy." Elsewhere it excluded "loss, damage or expense caused by or resulting from error, omission or deficiency in design, specifications, workmanship, or materials." The single proposition urged by appellant on appeal is that the evidence, the court's rulings and the answers to the interrogatories from the jury conclusively establish that the loss was caused by a risk or peril not insured under the contract of insurance. Within that argument, appellant has taken a dual approach. First it is urged that there was a defect in workmanship, manifest in the failure of the pipe to properly fit on the designated piers. On this issue the answers to the interrogatories and the court findings specifically state that there was an absence of error, omission or deficiency in the design, specifications, workmanship or materials in either the steel water pipe or in the concrete piers to which the pipe was being attached. We deem it unnecessary to make a lengthy review of the evidence on this point. It is sufficient to say that the answers to the interrogatories and findings of the court are abundantly supported by the evidence, and not clearly erroneous, and are binding on this court.[2]

■ The second portion of appellant's proposition is that there was an error in workmanship when the fittings on the pipe at pier #2 were replaced without first securing the pipe at pier #24. This argument was raised in the complaint and it is apparent in the record that evidence was adduced to support the contention. However, the questions of fact involved in the argument never reached the jury, for the trial judge ruled as a matter of law that "workmanship" as used in the excluding clause did not include that type of misjudgment. The judge ruled that before the insurance company could escape liability on the basis of the exclusionary clause, the "damage that was caused in the erection would have to be brought about because there was a defect in the pipe." In our decision on this facet of the case we are guided by fundamental principles of contract construction. The primary attempt must be to construe the contract so as to give effect to all the provisions, giving the terms their plain and ordinary meaning. And where there are exceptions or exclusions in the policy which exempt the insurer from certain specified risks, those exemptions are to be construed strictly against the insurer when their application is doubtful.[3]

■ Our attempt to discern the applicable law of Oklahoma has been unsuc-

1. The first appeal found in 351 F.2d 275 (10th Cir. 1965) contains an adequate survey of the facts. The second appeal, captioned Equitable Fire and Marine Ins. Co. v. Allied Steel Constr. Co., et al., No. 9429 (10th Cir., filed Feb. 1, 1968) is unreported.

2. Cherokee Laboratories, Inc. v. Pierson, 415 F.2d 85 (10th Cir. 1969); White v. Continental Cas. Co., 414 F.2d 549 (10th Cir. 1969); General Adjustment Bureau, Inc. v. General Ins. Adjustment Co., 381 F.2d 991 (10th Cir. 1967).

3. Great Northern Life Ins. Co. v. Cole, 207 Okl. 171, 248 P.2d 608, 610 (1952); Great American Ins. Co. of N. Y. v. O. K. Packing Co., 202 Okl. 231, 211 P.2d 1014, 1016 (1949); see Continental Cas. Co. v. Beaty, 455 P.2d 684, 688 (Okl. 1969); Allied Reserve Life Ins. Co. v. Cunningham, 355 P.2d 564 (Okl.1960); Homestead Fire Ins. Co. v. DeWitt, 206 Okl. 570, 245 P.2d 92, 94 (1952).

cessful and the parties have not aided our search by citing relevant Oklahoma cases. We are thus forced to presume that this narrow question has never been presented to the Oklahoma state courts, in which case we must sustain the federal district court's interpretation of local state law unless clearly erroneous.[4] In support of its argument, appellant relies upon cases which are either inapposite to the narrow question presently under consideration or inconsistent with their argument. Brown v. Eakins, 220 Or. 122, 348 P.2d 1116 (1960) is of no help to appellant since it neither deals in insurance contract construction nor does it interpret "workmanship." In J. A. Jones Construction Company v. Niagara Fire Insurance Company, 170 F.2d 667 (4th Cir. 1948), the court made it clear that the exclusionary clause involved was not ambiguous and that the loss was clearly within the ambit of that unequivocal clause. The same rationale applies with equal force to American Iron & Machine Works Co. v. Insurance Company of North America, 375 P.2d 873 (Okl.1962). The case of Lombard Corporation v. Quality Aluminum Products Company, 261 F.2d 336 (6th Cir. 1958) is also factually different and is cited only for its explanation of "workmanship." That court said: "A defect in workmanship is a defect in the way some part of the machine is constructed."[5] This explanation does not support appellant's plea. Under this definition of workmanship, the trial judge's

ruling was not clearly erroneous in failing to exclude the risk in question and we must conclude that appellant has failed to demonstrate clear error which is necessary as a basis for reversal.

■■ Appellant's final statement is likewise unconvincing. Equitable contends that the policy was only to cover loss from fire, lightning, windstorm and earthquake. Because Allied Steel had performance and maintenance bonds, Equitable claims that the risk must be excluded from the policy or double coverage results. Despite the initial attractiveness of this argument, appellant's liability is determined from the terms of its insuring agreement and not by collateral undertakings of the insured. It is too obvious for extended comment that the contract covered "all risks" and not just those now enumerated by appellant. The noninsured risks deal with design, specifications, workmanship and materials. If appellant's dual meaning of workmanship is used, the continuity of that word group is disrupted. However, by using the plain and ordinary meaning of the word —the art or skill of workmen[6]—the internal consistency of the paragraph is maintained. We think it plain that under the rules of construction which govern this portion of our decision the trial judge was correct in determining that the noninsured risks dealt only with loss caused by defects in the pipe or piers.

The judgment is affirmed.

4. Fulton v. Coppco, Inc., 407 F.2d 611 (10th Cir. 1969); Continental Cas. Co. v. Fireman's Fund Ins. Co, 403 F.2d 291 (10th Cir. 1968); Scott v. Stocker, 380 F.2d 123 (10th Cir. 1967).

5. Lombard Corp. v. Quality Alum. Prod. Co., 261 F.2d at 338.

6. Webster's Third New International Dictionary Unabridged (1961) at page 2635

further defines "workmanship" as "the execution or manner of making or doing something; craftsmanship; the quality imparted to a thing in the process of making; the character given to a work by the art or skill of the workman (a vase of exquisite * * *)."