979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 EASTLAND MORTGAGE CO., an Oklahoma corporation, Plaintiff-Appellant,
v.
VEREX ASSURANCE, INC., a Wisconsin corporation, Defendant-Appellee.
 Nos. 91-6368, 92-6045.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1992.
 
 1
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these consolidated appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Eastland Mortgage Co. (Eastland) brought this diversity action for breach of contract to recover certain financial losses caused by the default of several mortgage loans insured by defendant, Verex Assurance, Inc. (Verex). The insurance policies covered the losses, but Verex denied Eastland's claims based on Eastland's failure to provide timely notice of the underlying loan defaults, as required by a provision included in the policies. On cross motions for summary judgment, the district court held the notice provision was ambiguous with respect to the consequences of noncompliance, denied summary judgment to both sides, and set the matter for trial. Ultimately, judgment was entered on a verdict for Verex, and these consolidated appeals[1] by Eastland followed.
 
 
 6
 Eastland raises three issues for our review in connection with the jury verdict: (1) sufficiency of the evidence establishing the materiality of the notice provision violated by Eastland; (2) sufficiency of the evidence establishing the requisite prejudice to Verex caused by Eastland's noncompliance; and (3) admissibility of evidence regarding Eastland's coverage--and pretrial recovery--for the same losses involved here under an errors and omissions policy with Lloyd's, London (Lloyd's). The fourth issue raised on appeal, regarding attorney's fees, is intended only to preserve the matter to permit reversal should Eastland prevail on its challenge to the judgment entered on the jury verdict.
 
 
 7
 The notice provision underlying this dispute, designated as section 4 of the policies, reads as follows:
 
 4. Notice of Default
 
 8
 Within ten (10) days after the Insured becomes aware that:
 
 
 9
 A. A borrower is Four (4) Months in Default, as defined herein, or Two (2) Months in Default when the original loan was for 90% or more of the appraised value or selling price, whichever was lower, or
 
 
 10
 B. Proceedings to acquire title to a borrower's property have been commenced,
 
 
 11
 whichever event occurs first, notice thereof shall be given to the Company by the Insured upon the form furnished by the Company; provided, however, that failure of the Company to furnish forms shall not relieve the Insured of the obligation to give notice in any reasonable form within the required time. Thereafter, the Insured shall report monthly to the Company in summary form the status of the borrower's account, until a claim is submitted to the Company or until the borrower is less than Four (4) Months (or Two (2) Months, if applicable) in Default. Failure by the Insured to give any notice or file any report within the time period specified shall not not [sic] constitute failure to comply with a material condition of this Policy provided that such failure is remedied within ten (10) days of receipt of notice thereof from the Company.
 
 
 12
 Aplt.App. at 143, 147, 152 (emphasis added). The underscored reference to materiality has been the primary focus of this action because of a subsequent provision, section 10 ("Suit"), which bars suit for recovery under the policies "unless all material conditions ... have been complied with...." Id. at 144, 149, 154. The final provision discussed by the parties, section 11 ("Waiver of Conditions"), states that "[n]o condition of this Policy ... shall be deemed waived, altered or otherwise compromised unless stated in writing and duly executed." Id.
 
 
 13
 Eastland admits failing to give the notice required by section 4. Its position is that this was not a "failure to comply with a material condition," and thus should not bar recovery under section 10, because Verex never gave it notice of, and the ten days to remedy, such noncompliance, nor had Verex ever availed itself of the formal waiver/amendment mechanism set up in section 11 to alter the terms of section 4 to make the notice condition material per se, regardless of cure considerations.
 
 
 14
 Verex reads section 4 differently. It insists that the proviso at the end of the section could be and was satisfied by various communications from Verex to Eastland generally indicating that strict compliance with notice requirements was expected--as opposed to specifically identifying and demanding correction of the particular instances of noncompliance at issue. On Verex's construction of section 4, alteration of the policies under section 11 was unnecessary, and the latter section is irrelevant to the case. Alternatively, Verex argues that, even under Eastland's interpretation of section 4, Verex's letters denying Eastland's particular claims and setting out the reason for denial provided the requisite individualized notice of noncompliance with section 4, and Eastland's subsequent failure to cure rendered that earlier noncompliance material.
 
 
 15
 As noted, the district court did not choose between the parties' competing constructions of section 4, holding instead that the provision was ambiguous and, thus, a matter for the trier of fact to determine on the evidence presented at trial. See, e.g., Altshuler v. Malloy, 388 P.2d 1, 4 (Okla.1963); State ex rel. Dep't of Highways v. Martin, 572 P.2d 611, 613 (Okla.Ct.App.1977). On de novo review, Teton Exploration Drilling, Inc. v. Bokum Resources Corp., 818 F.2d 1521, 1526 (10th Cir.1987) (ambiguity of contract is a matter of law subject to de novo review), we agree with the district court's decision to turn the matter over to the jury.
 
 
 16
 To reach a verdict in favor of Verex on the basis of the jury instructions given in this case, the jury must have found the parties intended that failure to give notice of default was a material breach. This appellate court will uphold a jury verdict so long as the record, viewed in the light most favorable to the prevailing party, contains substantial evidence to support it. Comcoa, Inc. v. NEC Tels., Inc., 931 F.2d 655, 663 (10th Cir.1991). Verex has identified substantial evidence in its favor to support the jury's interpretation of section 4. We therefore reject Eastland's first assignment of error on appeal.
 
 
 17
 Under Oklahoma law, "unless failure to comply with the provision for notice expressly is made a ground of forfeiture the insurer cannot avoid liability, except for prejudice resulting from insured's failure to comply with the letter of the contract concerning notice and proof of loss." Continental Casualty Co. v. Beaty, 455 P.2d 684, 688 (Okla.1969). Assuming (without dispute from Verex) that sections 4 and 10 together do not invest the disputed notice requirement with the status of an "express ground of forfeiture" for purposes of this principle, Eastland argues that Verex failed to establish the necessary prejudice to justify a defense verdict in this case. Here again, however, Verex has identified substantial evidence in the record to support the jury's finding of prejudice resulting from the two- and three-year delays between the mortgage defaults and Eastland's claims under the policies. Consequently, Eastland's second assignment of error is without merit.
 
 
 18
 Prior to trial, Eastland filed a motion in limine to exclude references to its errors and omissions coverage with Lloyd's, under which it had already recovered for losses occasioned by denial of its claims under the Verex policies. The district court denied the motion and subsequently overruled Eastland's trial objections on the same point. Eastland argues that admission of this evidence requires reversal of the judgment entered for Verex.
 
 
 19
 We review the admission or exclusion of evidence at trial under an abuse of discretion standard. Durtsche v. American Colloid Co., 958 F.2d 1007, 1011 (10th Cir.1992). Accordingly, we defer to the district court's firsthand assessment of such matters unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir.1991) (quoting United States v. Ortiz, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986)).
 
 
 20
 Eastland relies primarily on Fed.R.Evid. 411, which states:
 
 
 21
 Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.
 
 
 22
 We agree with the district court that Rule 411 does not support Eastland's position. Verex was not attempting to imply negligence or wrongdoing through evidence of the mere existence of liability insurance, but rather to establish the breach of a material condition through evidence of an admission made by Eastland when it sought recovery for losses caused by its errors or omissions in filing the instant claims against Verex. Eastland counters that, because it had already stipulated to its failure to give timely notice to Verex, the Lloyd's evidence lacked any (additional) probative value in this regard. This contention ignores the fact that the latter evidence bears not only on Eastland's admitted noncompliance but also, albeit only limitedly, on the critical issue of the materiality of that noncompliance.[2]
 
 
 23
 Eastland also relied on Fed.R.Evid. 408 to support exclusion of the Lloyd's evidence. We agree with the district court's holding that this rule, which deals with conduct or statements occurring during settlement negotiations, has no application here.
 
 
 24
 Finally, Eastland argues that the Lloyd's evidence introduced substantial prejudice and confusion which far outweighed its probative value, thus warranting exclusion under Fed.R.Evid. 403. Eastland did not rely on Rule 403 in its motion in limine and accompanying brief, Aplt.App. at 44-49, nor did it cite to the rule in conjunction with its trial objections, e.g., id. at 169, 172-73, 181, 183-192, 195, 198-202. Indeed, the only reference to the rule we have located in the record, in "Plaintiff's Reply to Defendant's Response and Brief in Opposition to Plaintiff's Motion in Limine," consists of a passing, and somewhat inappropriate, citation in conjunction with the comment that, besides violating Rule 411, the Lloyd's evidence "would not be relevant to any of the issues in the case under Rule 403 [401?] of the Federal Rules of Evidence." Id. at 96. Thus, the district court's attention was never clearly directed to Rule 403, which it did not address when denying the motion in limine or overruling Eastland's trial objections. Furthermore, we note that the district court admonished the jury to disregard evidence of Eastland's recovery under the Lloyd's policy, explaining that it would be a matter for the court to address after conclusion of the trial. Id. at 202. Under the circumstances, we cannot say the district court abused its discretion in admitting the evidence relating to Eastland's claims under the Lloyd's policy. Its decision therefore did not constitute reversible error.
 
 
 25
 For the foregoing reasons, the verdict in favor of Verex will be upheld. Eastland's challenge to the award of fees, which is contingent upon the success of its appeal on the merits, must also fail.
 
 
 26
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Eastland appeals both the adverse judgment on the merits (No. 91-6368) and the subsequent award of attorney's fees to Verex (No. 92-6045)
 
 
 [2]
 Eastland's early resort to its errors or omissions coverage with Lloyd's prior to litigation of its claims under the Verex policies may properly have been considered as evidence of a tacit acknowledgment of the parties' initial mutual (i.e., contractual) understanding--as opposed to subsequent contrary litigating positions--regarding the materiality of the notice condition in section 4. See, e.g., Aplt.App. at 16-17. Of course, there are other plausible explanations for Eastland's actions, which Eastland was able to argue to the jury. See Opening Brief at 23 and n. 3