**City of Barre, Vermont, and R. E. Bean Construction Company, Inc. v. New Hampshire Insurance Company**

[396 A.2d 121]

No. 319-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 30, 1978

Motion for Reargument Denied November 15, 1978

*Hoff, Wilson & Jenkins, P.C.,* Burlington, for R. E. Bean.

*Gary D. McQuesten* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant.

**Larrow, J.** This is an action brought upon a "builder's risk" policy of insurance, under which the plaintiffs were named insureds. It was originally purchased by City of Barre, for reasons not here material no longer a party in this action. The premises insured were a recreation building being constructed for the City by plaintiff R. E. Bean Construction Company, Inc., also a named insured. The trial court made extensive findings and conclusions, and rendered judgment for the defendant upon the general ground that the loss was within a specific exclusion under the terms of the policy. We disagree, and reverse.

The loss in question occurred during construction, when ten (of twelve) laminated wooden arches, then in place, were blown down by a wind of some twelve knots, gusting to thirty. These were well within the anticipated wind range. The collapse was found to have occurred because only two guy cables were in use instead of the six called for by the erection plans, an inadequate support, and because the cables, used, had only about one-third of their original tensile strength. While variously characterized, the conclusions of the trial court may be fairly summarized as findings that Bean was negligent in the course of construction, having failed to observe contract and recommended erection standards, and having failed to secure architect approval of the methods and materials used in the course of construction.

The policy in question insured the structure during construction, together with materials, equipment and supplies to be used therein, against "all risks of direct physical loss or damage from any external cause (except as hereinafter provided)." The exclusion in question was as to "any loss caused directly or indirectly by faulty materials or faulty workmanship or error in design or latent defect. . . ." Plaintiff Bean says the exclusion does not apply; the trial court followed defendant's contention that it did, and denied liability, therefore making no finding as to damages. Its conclusion was that plaintiff's procedures were "faulty workmanship" and the cable used by it "faulty material" within the policy exclusion.

It is difficult to summarize the close reasoning of the parties. But, in general, the plaintiff contends that "workmanship" connotes a quality inherent in the product itself, rather than the process or procedure in producing the product, under *Equitable Fire & Marine Insurance Co.* v. *Allied Steel Construction Co.*, 421 F.2d 512 (10th Cir. 1970). It also says "faulty materials" refers to substances incorporated in the structure itself, not to equipment, such as the cable, used only to facilitate construction. Appellee argues that "faulty" is the equivalent of "negligent." It would, in effect, deny liability under the quoted exclusion where the loss resulted from negligence on the part of the contractor during the construction process.

There is little point in resort to dictionary definitions of the terms in question. Each party can muster support from dictionary sources for the conclusion it urges. Resort must be had to construing the contract of insurance in its entirety. *Enosburg Falls* v. *Hartford Steam Boiler Inspection & Insurance Co.*, 117 Vt. 114, 120, 85 A.2d 577 (1952). Important also is our rule that terms susceptible to two different interpretations should, absent other considerations, be construed in favor of the insured. *Utica Mutual Insurance Co.* v. *Central Vermont Railway, Inc.*, 133 Vt. 292, 295, 336 A.2d 200 (1975).

So construed, the interpretation placed upon the policy exclusion by the trial court cannot be supported. The policy itself recognizes a difference between materials and equipment

by enumerating each in its first paragraph, describing property covered. This supports the plaintiff's contention that the cable found defective was not a "material" since it did not go into the structure, but was rather "equipment" used in the construction process. Similarly, with respect to the "faulty workmanship" exclusion, there was neither evidence nor a finding that the building was defective at the stage of construction when the arches blew down. What happened was the result of misjudgment of the amount of temporary cable support needed, on that particular day, to support the arches when the wind increased.

Despite the close and precise argument on the technical terms employed in the policy exclusion, we are convinced that the substance of appellee's argument is that the exclusion applied, since the loss occurred through the contractor's negligence. The argument is not without logic, but we do not think it can be upheld when subjected to the tests of policy construction we have referred to. Loss from "external cause" seems open to little argument; both the wind and the defective and insufficient guy cable were certainly external to the structure insured. And if the intent of the policy was to exclude liability from loss caused by negligence on the part of the contractor, it is not unfair to require that such intent be clearly expressed, particularly when one exclusion from coverage refers to "loss caused . . . by . . . any intentional act on the part of the Insured. . . ." Express exclusion of an intentional act would seem a clear indication that the consequences of a negligent act were within coverage, and not excluded. Fairly read, the policy in question excludes coverage for damage resulting from defective materials incorporated into the structure itself, or from weaknesses in the product caused by faults in the construction process, but it does not exclude coverage for damage caused, at least in part, by negligent practices of the contractor during the construction process. It is the quality of the product which is excluded from coverage, and not damage to the product caused by negligence during the construction period.

Because damages were not determined by the trial court, we cannot render judgment for the plaintiff in this Court, and a remand for findings as to damages is required.

*Judgment for the defendant reversed, and cause remanded for assessment of plaintiff's damages and entry of judgment therefor, with costs.*