■ THOMAS POULOS et al., Appellants, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, et al., Defendant. [643 NYS2d 178] —In an action, *inter alia,* for a judgment declaring the rights of the parties under an insurance policy, the plaintiffs appeal from (1) an order of the Supreme Court,

Suffolk County (Cohalan, J.), dated November 30, 1994, which granted the motion of the defendant United States Fidelity and Guaranty Company for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, entered January 11, 1995, which dismissed the complaint insofar as asserted against the defendant United States Fidelity and Guaranty Company. The appeal from the judgment brings up for review so much of an order of the same court, dated June 26, 1995, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated November 30, 1994, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the order dated June 26, 1995, made upon reargument; and it is further,

Ordered that the order dated June 26, 1995, is modified, on the law, by adding thereto a provision directing the entry of a judgment declaring that the respondent properly disclaimed coverage under its comprehensive general liability insurance policy issued to J & B Construction; as so modified, the order dated June 26, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order dated November 30, 1994, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order dated June 26, 1994 (*see,* CPLR 5501 [a] [1]).

The appellants hired the defendant J & B Construction (hereinafter J & B) to build an extension on their home. Upon completion, the extension began to leak and eventually collapsed. As a result, the appellants commenced an action in which they alleged that J & B did not properly construct the extension. J & B notified the respondent, its insurance carrier, of the action, and the respondent disclaimed coverage on the ground that the liability insurance policy it issued to J & B did not provide coverage for improper workmanship.

The exclusion clause under the policy stated that the insurer was not liable for "property damage * * * [to] that particular part of any property, not on premises owned by or rented to the insured * * * the restoration, repair or replacement of which has been made or is necessary by reason of faulty

workmanship". The appellants contend that this clause refers only to the wooden spindle posts installed by J & B to support the extention. However, since all of the appellants' causes of action against J & B related to defects in the construction of the extention, these causes of action fell within the exclusion and were properly exempted from coverage (*see, Fuller Co. v United States Fid. & Guar. Co.,* 200 AD2d 255; *Zandri Constr. Co. v Firemen's Ins. Co.,* 81 AD2d 106, *affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999; *Brawdy v National Grange Mut. Ins. Co.,* 207 AD2d 1019).

The appellants' remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the respondent rather than dismissal of the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334). Thompson, J. P., Santucci, Joy and Altman, JJ., concur.