■ MARK NASH et al., Respondents, v BAUMBLIT CONSTRUCTION CORPORATION, Appellant-Respondent, and ADMIRAL INSURANCE COMPANY, Appellant, et al., Defendants. [902 NYS2d 99]—

In an action, inter alia, to recover damages for breach of contract, the defendant Baumblit Construction Corporation appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered January 12, 2009, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against it, and the defendant Admiral Insurance Company separately appeals from so much of the same order as denied its motion for summary judgment

dismissing the cross claim asserted against it by the defendant Baumblit Construction Corporation.

Ordered that the order is reversed insofar as appealed from by the defendant Admiral Insurance Company, on the law, and the motion of the defendant Admiral Insurance Company for summary judgment dismissing the cross claim asserted against it by the defendant Baumblit Construction Corporation is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Baumblit Construction Corporation; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the defendant Admiral Insurance Company, payable by the defendant Baumblit Construction Corporation.

The plaintiffs hired the defendant Baumblit Construction Corporation (hereinafter BCC) in November 2003 to extensively renovate a house they had recently purchased. Soon after the plaintiffs moved into the renovated house in June 2004, they encountered numerous problems, including water leaks, bouncing and uneven floors, water-stained ceilings, cracked grout in the bathrooms, and falling roof tiles. Among other things, the plaintiffs hired a second contractor, Expressions Custom Design (hereinafter ECD). ECD spent approximately one year extensively renovating the house a second time.

The plaintiffs brought this action against, among others, BCC and BCC's insurer, Admiral Insurance Company (hereinafter Admiral), asserting causes of action, inter alia, to recover damages for breach of contract. BCC, among other things, asserted a cross claim against Admiral, seeking a declaration that Admiral was required to defend and indemnify BCC in this action.

Before the completion of discovery, the plaintiffs moved, inter alia, for summary judgment on the issue of liability against BCC. Admiral also moved for summary judgment dismissing the cross claim asserted against it by BCC, contending that the insurance policy it issued to BCC specifically excluded coverage for BCC's defective workmanship, and thus it had no duty to defend and indemnify BCC in this action. The Supreme Court, in pertinent part, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against BCC and denied Admiral's motion for summary judgment dismissing the cross claim asserted against it by BCC. Although the plaintiffs voluntarily discontinued their causes of action against, among others, Admiral, because of BCC's cross claim, Admiral remains in the action. We modify.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability against BCC by setting forth evidence that BCC's work product was defective. Specifically, the affidavit of Noel Atieh, a licensed general contractor and president of ECD, averred that much of BCC's work did not comport with the building plans and did not meet building requirements for the Town of Hempstead, and was so defective that ECD had to reconstruct nearly the entire house. Atieh's affidavit provided specific details of numerous structural defects in the house resulting from BCC's work, including a foundation addition that went down 23 inches instead of the required 36 inches, improperly installed and undersized beams and joists throughout the house, improperly installed and framed headers throughout the house that caused sagging ceilings and leaks, an uneven and improperly installed subfloor on the second floor that caused the shower pan in the master bathroom and the tiles in both bathrooms to crack, which in turn caused water to leak into the first-floor kitchen. Atieh also noted that BCC had improperly installed a sewer waste line running to the kitchen, causing it to leak, and had improperly installed a gas line in the kitchen without protection sleeves, which substantially increased the risk of gas leaks, fires, and explosions. Atieh also noted that ECD had to demolish the third floor bathroom because the shower pan and plumbing were improperly installed and leaked, which caused mold and mildew to develop in the walls. Accordingly, the plaintiffs met their initial burden of establishing their entitlement to judgment as a matter of law on the issue of liability against BCC (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

In opposition, BCC failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *cf. XLI Corp. v Battle Constr. Co., Inc.*, 50 AD3d 1474 [2008]). The report of Brian Flynn, an engineer, was insufficient, as it demonstrated that he largely ignored any of the structural problems identified by Atieh, and primarily reported only on issues he could ascertain by a visual inspection. To the extent that Flynn did examine structural defects, it is notable that he described the sliding door in the first floor den as difficult to open and that the living room ceiling had a two-foot seam and was bowed at two locations. The affidavit of Vladimir Baumblit, the president of BCC, also failed to raise a triable issue of fact since it contained only conclusory denials of the structural defects identified by the plaintiffs, which are insufficient to defeat a motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562

[1980]; *J.F.J. Fuel v Ortiz*, 234 AD2d 424 [1996]; *Spancrete Northeast v Elite Assoc.*, 184 AD2d 562 [1992]).

Further, in its opposition, BCC failed to demonstrate that the plaintiffs' motion was premature on the ground that discovery may lead to relevant evidence (*see* CPLR 3212 [f]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 717 [2003]). BCC failed to show that facts essential to justify opposition may exist upon further discovery (*see Panasuk v Viola Park Realty, LLC*, 41 AD3d 804, 805 [2007]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]), and failed to specify what facts, necessary to oppose the motion, were uniquely in the plaintiffs' possession (*see Kraeling v Leading Edge Elec.*, 2 AD3d 789, 790-791 [2003]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against BCC.

However, the Supreme Court erred in denying Admiral's motion for summary judgment dismissing the cross claim asserted against it by BCC. Admiral established, prima facie, that exclusion 2 (j) (5), which applies to damage caused by BCC or one of its subcontractors to BCC's work product and exclusion 2 (j) (6), which applies to work that had to be restored, repaired, or replaced because it was incorrectly performed, exclude BCC's claim from coverage (*see Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co.*, 10 AD3d 631 [2004]; *Poulos v United States Fid. & Guar. Co.*, 227 AD2d 539 [1996]; *George A. Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255, 260 [1994]). In opposition, BCC failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court should have granted Admiral's motion for summary judgment dismissing the cross claim asserted against it by BCC. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur. [**Prior Case History: 2009 NY Slip Op 30072(U).**]