■ BAUMBLIT CONSTRUCTION CORPORATION, Appellant, v COUNTY OF NASSAU et al., Respondents. [909 NYS2d 386]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated July 1, 2009, which, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The defendants established their prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact. In light of an order of the Supreme Court dated January 12, 2009, and our affirmance of the relevant portion of that order (see Nash v Baumblit Constr. Corp., 72 AD3d 1037 [2010]), the allegedly defamatory statements attributed in the complaint to the defendant David Denenberg, to the extent that they constituted statements of objective fact, they must be considered "substantially true" (Shulman v Hunderfund, 12 NY3d 143, 150 [2009]; see Masson v New Yorker Magazine, Inc., 501 US 496 [1991]). The opinions attributed to Denenberg, including his opinion that the facts referred to above give rise to an inference of possible improprieties on the part of the plaintiff, Baumblit Construction Corporation (hereinafter BCC), were either nonactionable pure opinions or, at the very least, mixed opinions (see generally Rabushka v Marks, 229 AD2d 899, 901 [1996], citing Steinhilber v Alphonse, 68 NY2d 283, 289 [1986]; cf. Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558 [2010]; Gjonlekaj v Sot, 308 AD2d 471 [2003]). To the extent that Denenberg's statements constituted mixed opinions, they were shielded by a qualified privilege because they were related to a matter of legitimate public concern (see Chapadeau v Utica Observer-Dispatch, 38 NY2d 196 [1975]; see also Huggins v Moore, 94 NY2d 296 [1999]). Moreover, with respect to the mixed opinions, there was no proof of actual malice, and BCC failed to submit proof "suggest[ing] that further discovery 'would produce evidence of malice on the part of [the] defendants which would warrant a jury trial' " (Harris v Alcan Aluminum Corp., 91 AD3d 830-831 [1982], affd 58 NY2d 1036 [1983], quoting Dano v Royal Globe Ins. Co., 89 AD2d 817, 818 [1982], affd 59 NY2d 827 [1983]).

In light of our determination, we need not address the parties' remaining contentions. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.