**1765 FIRST ASSOCIATES, LLC, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

**No. 10 Civ. 9298(VM).**

United States District Court, S.D. New York.

Oct. 3, 2011.

Decision Denying Reconsideration Nov. 10, 2011.

David Matthew Schlecker, Anderson Kill & Olick, P.C., Michael Nicholas Dicanio, Reed Smith, New York, NY, for Plaintiff.

Kristin Vonderhorst Gallagher, David H. Bavli, Carroll, McNulty & Kull, New York, NY, Cheryl L. Mondi, Christopher Zachary Ransel, Peter E. Kanaris, Fisher Kanaris, P.C., Chicago, IL, for Defendant.

### *DECISION & ORDER*

VICTOR MARRERO, District Judge.

By letter dated July 29, 2011, plaintiff 1765 First Associates, LLC ("First Associates") requests that the Court issue a declaratory judgment finding that it is entitled to reimbursement for certain losses under the Builder's Risk Insurance policy

(the "Policy") it purchased from defendant Continental Casualty Company ("Continental") because the "Faulty Workmanship Exclusion" to that policy is inapplicable to those losses. The Court finds that the Faulty Workmanship Exclusion applies to damages arising only from problems with the property under construction itself and not to losses incurred to ameliorate the effects of accidents during construction; accordingly, First Associates' request is GRANTED.

First Associates seeks reimbursement for costs and losses related to the May 30, 2008 collapse of a tower crane being used on the Azure Cooperative construction site at 335 East 91st Street in Manhattan. Continental insured First Associates under the Policy in effect at the time of the crane collapse. After the crane collapse, the parties engaged in lengthy negotiations over what losses were covered under the Policy. Ultimately, Continental reimbursed First Associates under the Policy for certain costs arising from damage to and cleanup of the construction site and building stemming from the crane collapse. However, Continental refused to reimburse First Associates for costs associated with construction delays resulting from the collapse.

Continental relies upon Section II.D.2. of the Policy (the "Faulty Workmanship Exclusion") to justify its refusal to reimburse such costs. First Associates asks this Court to find that the Faulty Workmanship Exclusion does not apply to the crane collapse.

The Faulty Workmanship Exclusion reads as follows:

> Unless otherwise provided for and limited in Section 1.6., this Policy does *not* insure against physical loss or damage caused by or resulting from the following; however, if physical loss or damage from a peril not excluded herein ensues,

then this policy shall cover only for such ensuing loss or damage:

> a. Errors or defects in design or specification, errors in processing or manufacture, faulty workmanship or faulty materials; coverage for damage from an ensuing peril not otherwise excluded, shall apply to covered property other than the work or construction of the Insured

(Second Amended Complaint for Damages, Declaratory Judgment and Demand for a Jury Trial, Exhibit A at 30 (emphasis in original).) Primarily, First Associates argues that the Faulty Workmanship Exclusion excludes from coverage losses arising only from errors or defects in the subject of construction itself—the Azure Cooperative building—and not losses such as delays or cleanup costs arising from equipment failure on the construction site which do not impact the quality of the insured property as completed. Continental, in an August 12, 2011 letter, does not address this distinction, but asserts that the faulty workmanship of First Associates' subcontractors is covered by the Faulty Workmanship Exclusion. Continental further asserts that it is entitled to have experts inspect the crane to determine the cause of its collapse, presumably because Continental believes that the cause of the crane's malfunction is relevant to determine the applicability of the Faulty Workmanship Exclusion.

■ Under New York law, "before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation." *Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 926 N.Y.S.2d 867, 950 N.E.2d 500, 502 (2011) (*quoting Pioneer Tower Owners Ass'n v.*

*State Farm Fire & Cas. Co.*, 12 N.Y.3d 302, 880 N.Y.S.2d 885, 908 N.E.2d 875, 877 (2009)). The Court agrees with First Associates that Continental cannot carry its burden. *See Colombo v. Merchants Ins. Grp.*, No. 08–36932, 28 Misc.3d 1221(A), 2010 WL 3211131, at *8 (N.Y. Sup.Ct. Aug. 9 2010) ("In that an exclusion must be made in clear, specific and unmistakable language in order to be enforced, and is not to be extended by interpretation or implication, but is to be accorded a strict and narrow construction, it is determined that the exclusion based upon faulty workmanship does not meet that criteria.").

Continental reads the Faulty Workmanship Exclusion to preclude damages caused by the crane collapse by asserting that the collapse was the product of faulty workmanship. However, New York courts reading similar provisions presume that "faulty workmanship" refers to the work done by the insured or its agents to the insured property itself, not work done by the manufacturer of the tools or equipment used on the premises. *See, e.g., 242–44 East 77th Street, LLC v. Greater N.Y. Mut. Ins. Co.*, 31 A.D.3d 100, 815 N.Y.S.2d 507, 512 (1st Dep't 2006) ("The only reasonable explanation of the negligent work exclusion is that it applies to negligent work by or on behalf of the insured in planning, designing or constructing the insured building, which results in damage to the building." (internal quotations omitted)); *Poulos v. U.S. Fidelity and Guar. Co.*, 227 A.D.2d 539, 643 N.Y.S.2d 178, 179 (2d Dep't 1996) ("[S]ince all of the appellants' causes of action. related to defects in the construction of the extension, these causes of action fell within the exclusion and were properly exempted from coverage.").

The Faulty Workmanship Exclusion, as it is most naturally read, does not apply to losses related to accidents or equipment malfunctions during construction. *City of*

*Burlington v. Hartford Steam Boiler Inspection & Ins. Co.*, 190 F.Supp.2d 663, 672 (D.Vt.2002) ("[T]he term 'faulty workmanship' ... encompasses 'quality of product' claims (whether due to defective materials or faults during the construction process) and not claims for accidental damage to the product caused by the builder's negligence during construction[.]") (*citing City of Barre v. N.H. Ins. Co.*, 136 Vt. 484, 396 A.2d 121 (1978)). Similar provisions are commonly interpreted to exclude only losses arising from defects in the property after construction is completed. *See U.S. Indus. Inc. v. Aetna Cas. & Sur. Co.*, 690 F.2d 459, 462 & n. 4 (5th Cir.1982) (applying faulty workmanship exclusion to losses from defectively constructed tower, but noting "that fortuitous damage to construction property extraneous to the construction of the product itself (here, the tower), occasioned by negligence of the insured's employees, is not excluded from coverage by the 'faulty workmanship' clause in an all risks policy"); *Equitable Fire & Marine Ins. Co. v. Allied Steel Constr. Co.*, 421 F.2d 512, 514 (10th Cir.1970) ("A defect in workmanship is a defect in the way some part of the (insured property) is constructed[.]").

The titular purpose of the Policy is to cover "Builder's Risk," and the Faulty Workmanship Exclusion is designed to preclude recovery of losses attributable to the insured builder's negligent work. The insured builder here did not build that which Continental asserts was the product of faulty workmanship, namely, the crane. Because the Faulty Workmanship Exclusion applies only to losses attributable to the quality of the constructed property and arising from defects in the materials or process used by the insured or its agents to construct the property, that provision does not exclude losses incurred during construction associated with the crane col-

lapse and otherwise owed to First Associates under the Policy.

For the reasons stated above, it is hereby

**ORDERED** that the motion for a declaratory judgment that the Court has deemed contained in the July 29, 2011 letter (Docket No. 27) submitted by plaintiff 1765 First Associates Inc. is **GRANTED;** and it is further

**ORDERED** that the parties are to appear on October 21, 2011 at 11:15 a.m. for a subsequent conference in this matter to address the remaining defenses asserted by defendant Continental Casualty Company.

**SO ORDERED.**

### DECISION AND ORDER

By Decision and Order dated October 3, 2011 (the "Order") the Court, having found that the "Faulty Workmanship Exclusion" in the insurance contract at issue in this litigation does not apply to certain losses arising from the collapse of a crane on the property of plaintiff 1765 Associates LLC ("First Associates"), directed the Clerk of Court to enter a declaratory judgement to that effect in favor of First Associates. Defendant Continental Casualty Co. ("Continental"), by letter to the Court dated October 31, 2011, seeks reconsideration of the Court's Order. By letter dated November 7, 2011, First Associates opposes Continental's request for reconsideration.

■ Upon review of the record of this action, including the letters of both Continental and First Associates, the Court denies the motion. The Court is not persuaded that Continental has presented any new facts or controlling law that the Court overlooked which might reasonably be expected to alter the Court's Order. *See* Local Civil Rule 6.3; *Shrader v. CSC–Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992). Continental argues that the Court made its determination on the basis of a sparse factual record that had not been sufficiently developed through discovery. But, as the Court viewed the dispute before it on the underlying motion, the central issue involved was strictly a matter of law, the interpretation of a provision of a contract in light of its plain language, applicable case law construing the identical terms, analogous precedents, and legal principles governing contract interpretation. Thus, the Court views the discovery Continental refers to as not bearing on the legal task the Court was called to perform. Accordingly, the Court concludes that reconsideration is not warranted.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion for reconsideration of Continental Casualty Co., deemed contained in (Docket No. 33), is DENIED.

**SO ORDERED.**