■ ERIE INSURANCE COMPANY, Respondent, v NICK RADTKE, INCORPORATED, et al., Defendants, and MICHAEL VELA, Defendant/Third-Party Plaintiff-Appellant. ESSEX INSURANCE COMPANY, INC., et al., Third-Party Defendants-Respondents. [5 NYS3d 300]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Nick Radtke, Incorporated, in an underlying action entitled *Vela v S.E. Home Bldrs., Inc.*, pending in the Supreme Court, Orange County, under index No. 3932/11, and a third-party action for a judgment declaring that the third-party defendants are obligated to indemnify the defendants S.E. Home Builders, Inc., and Joseph Radtke in the same underlying action, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), entered February 26, 2013, which, upon an order of the same court dated January 7, 2013, declared that (1) the plaintiff is not obligated to defend, indemnify, or otherwise provide insurance coverage for the defendant Nick Radtke, Incorporated or any other person or entity for claims against the defendant Nick Radtke, Incorporated in the underlying action, and (2) the third-party defendants are not obligated to defend, indemnify, or otherwise provide coverage for or to the defendant S.E. Home Builders, Inc., or any other person for claims against the defendants S.E. Home Builders, Inc., or Joseph Radtke in the underlying action.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Michael Vela commenced an action (hereinafter the underlying action) against, among others, S.E. Home Builders, Inc., Joseph Radtke, and Nick Radtke, Incorporated, to recover damages arising from a home construction project. The plaintiff, Erie Insurance Company, then commenced this action seeking a judgment declaring that it is not obligated to defend or indemnify its insured, Nick Radtke, Incorporated, in the underlying action. Vela then commenced a third-party action against Essex Insurance Company, Inc., and Markel Services, Incorporated, seeking a judgment declaring that they are obli-

gated to defend and indemnify their insureds, S.E. Home Builders, Inc., and Joseph Radtke, in the underlying action.

On their respective motions for summary judgment, the plaintiff and the third-party defendants (hereinafter collectively the insurers) each established their prima facie entitlement to judgment as a matter of law declaring that they are not obligated to defend and indemnify their respective insureds in the underlying action by submitting the subject insurance policies. These polices established, prima facie, that Vela's claim of coverage was excluded under exclusion (2) (j) (5), which applies to damages arising out of work performed by the insureds or their contractors or subcontractors, and exclusion (2) (j) (6), which applies to work that had to be restored, repaired, or replaced because it was incorrectly performed (*see Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 929 [2010]; *Nash v Baumblit Constr. Corp.*, 72 AD3d 1037, 1040 [2010]; *Kay Bee Bldrs., Inc. v Merchant's Mut. Ins. Co.*, 10 AD3d 631, 632 [2004]; *Poulos v United States Fid. & Guar. Co.*, 227 AD2d 539, 541 [1996]; *George A. Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255, 260 [1994]). In opposition, Vela failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court properly granted summary judgment to the insurers, denied summary judgment to Vela, and entered a judgment making the appropriate declarations.

Vela's remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Austin, Roman and Barros, JJ., concur.