In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant’s insured and for a judgment declaring that the defendant is obligated to the plaintiffs in connection with the judgment obtained against Shin Yang Construction, Inc., and Jimmy Zheng in an underlying action entitled Kung v Jimmy Zheng, Also Known as Zhen Zhuo Ping, (Sup Ct, Queens County, index No. 4647/07), the plaintiffs appeal from an order of the Supreme Court, Queens County (Sampson, J.), dated November 26, 2013, which granted the defendant’s cross motion for summary judgment declaring *879 that it is not so obligated, and denied, as academic, their motion for summary judgment on the complaint.
Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant has no obligation to the plaintiffs in connection with the judgment obtained in the underlying action.
In 2007, the plaintiffs commenced an action against, among others, Shin Yang Construction, Inc. (hereinafter SYC), and its owner, Jimmy Zheng, entitled Kung v Jimmy Zheng, Also Known as Zhen Zhuo Ping, (Sup Ct, Queens County, index No. 4647/07 [hereinafter the underlying action]). The plaintiffs alleged, inter alia, that the defendants in the underlying action negligently and improperly constructed their home. Scottsdale Insurance Company (hereinafter Scottsdale) had issued a commercial general liability policy to SYC. After obtaining a judgment against SYC and Zheng in the underlying action, the plaintiffs commenced this action against Scottsdale pursuant to Insurance Law § 3420 (a) (2) to recover the amount of the unsatisfied judgment, and for a judgment declaring that Scottsdale is obligated to the plaintiffs in connection with the judgment obtained against SYC and Zheng in the underlying action.
Scottsdale established its prima facie entitlement to judgment as a matter of law by demonstrating that it properly disclaimed coverage in the underlying action pursuant to the subject insurance policy. Scottsdale demonstrated, prima facie, that the claim of coverage for the damages alleged in the underlying action was excluded under section (2) (j) (5) of the subject policy, which applies to damages caused to real property arising out of work performed by the insureds or their contractors or subcontractors, and section (2) (j) (6) thereof, which applies to work that had to be restored, repaired, or replaced because it was incorrectly performed by the insureds (see Erie Ins. Co. v Nick Radtke, Inc., 126 AD3d 757, 757 [2015]; Exeter Bldg. Corp. v Scottsdale Ins. Co., 79 AD3d 927, 929 [2010]; Nash v Baumblit Constr. Corp., 72 AD3d 1037, 1040 [2010]; Kay Bee Bldrs., Inc. v Merchant’s Mut. Ins. Co., 10 AD3d 631, 632 [2004]; George A. Fuller Co. v United States Fid. & Guar. Co., 200 AD2d 255, 260 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted Scottsdale’s cross motion for summary judgment declaring that it has no obligation to the *880 plaintiffs in connection with the judgment obtained in the underlying action, and properly denied, as academic, the plaintiffs motion for summary judgment on the complaint.
In light of our determination, we need not address the parties’ remaining contentions.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Scottsdale has no obligation to the plaintiffs in connection with the judgment obtained in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334 [1962]). Rivera, J.R, Skelos, Roman and LaSalle, JJ., concur.