■ PREFERRED MUTUAL INSURANCE COMPANY, Respondent, v JOHN ZANI, Doing Business as CLASSIC HOME IMPROVEMENT, et al., Appellants. [25 NYS3d 879]—

Order, Supreme Court, New York County (Manuel J. Mendez,

J.), entered June 25, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment declaring that it had no obligation to defend or indemnify defendant John C. Zani doing business as Classic Home Improvement in the subrogation action brought by defendant Aspen American Insurance Company with respect to certain property damage, and so declared, unanimously affirmed, without costs.

Aspen's allegations in its subrogation action that as a result of Zani's negligent work on Aspen's insured's building, the building was "severe[ly] damage[d]" by "a partial collapse" of a wall "on or about November 22, 2012" do not give rise to a duty on plaintiff's part to defend Zani in that action. First, the policy excludes from coverage damage attributable to Zani's own defective work product (*see generally George A. Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255 [1st Dept 1994], *lv denied* 84 NY2d 806 [1994]; *Erie Ins. Co. v Nick Radtke, Inc.*, 126 AD3d 757 [2d Dept 2015]). Second, the partial collapse of the wall constitutes an occurrence under the occurrence-based policy, and the occurrence took place outside the policy coverage period; the policy had been cancelled in October 2010. Aspen and Zani's contention that the occurrence was not the collapse of the wall but the continuous movement of the outer layer of brick for several years, which had impaired the structural integrity of the wall, is belied by the policy definition of occurrence as an "accident." Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.